MEMORANDUM *
Steven Allen Jones appeals the district court’s denial of his federal habeas petition. The district court granted a certificate of appealability on Jones’s claim that his due process rights were violated when he was convicted on the basis of uncorroborated accomplice testimony.
The district court did not err in denying Jones’s due process claim. Jones argues that his due process rights were violated because he was arbitrarily deprived of his state law rights under section 1111 of the California Penal Code, which provides that a defendant cannot be convicted based on accomplice testimony unless the testimony is sufficiently corroborated. This argument fails, because the California Court of Appeal found that the accomplice testimony was sufficiently corroborated under state law, and this court may not consider any question of state substantive law. Wainwright v. Sykes, 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Jones does not argue that there is a federal right to corroboration; rather, his constitutional *675 claim depends entirely on the assertion that there was not sufficient evidence to satisfy the California statute. Because the state court considered Jones’s section 1111 claim and found sufficient corroboration of the accomplice testimony, Jones was not arbitrarily deprived of a state law entitlement in violation of his Fourteenth Amendment due process rights. See Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir.2000).
Jones also asks us to expand the certifí-cate of appealability to include four additional claims. Because Jones has not “made a substantial showing of the denial of a constitutional right” on any of these claims, we deny Jones’s motion to expand his certificate of appealability. See 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.